PAID

FILED
CLERK, U.S. DISTRICT COURT
6/28/22
CENTRAL DISTRICT OF CALIFORNIA
BY: ___EEE___ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAN G. DAMWYK<br>500 Countrywood Court<br>Lompoc, CA 93436<br><br>        Plaintiff,<br><br>    v.<br><br>U.S AIR FORCE<br>1670 AIR FORCE PENTAGON<br>WASHINGTON, DC 20330<br><br>FRANK KENDALL III, in his official capacity<br>as the Secretary of the U.S. Air Force<br><br>        Defendants. | CV22-04424-GW(SKx) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.   Plaintiff Roylan Damwyk brings this action for relief and damages based on the denial of her rights under Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., to remedy acts of employment discrimination and retaliation perpetrated against her by the United States Department of the Air Force (USAF).

2.   Plaintiff contends that USAF officials discriminated against her because of her disability, retaliated against her for requesting reasonable accommodation, retaliated against her for engaging in protected EEO activity, and created a hostile working environment.

1

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, 42 U.S.C. § 2000e-5, 29 U.S.C. § 791, *et seq*.

4. Venue is appropriate in this Court under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Roylan Damwyk, a female, is a citizen of the United States and a resident of the State of California. At all times related to this suit, Plaintiff was employed with the USAF as a GS-1101-11, Real Time Forecaster, 2d Range Operations Squadron, Vandenberg Air Force Base (VAFB), California. Plaintiff resides at: 500 Countrywood Court, Lompoc, CA 93436.

6. Defendant Frank Kendall III is the Secretary of the U.S. Air Force. The Secretary is being sued in his official capacity as provided by law based on his executive responsibility for administering USAF personnel policies and his responsibility to enforce and to promote equal employment opportunity throughout the USAF. During the relevant time period, the USAF employed well-over 500 employees. Defendant's address is Secretary of U.S. Air Force, U.S. Air Force, 1670 Air Force Pentagon, Washington, DC 20330.

7. Mr. Robert Corser is not a defendant in this lawsuit but was named in Plaintiff's EEOC complaint as a discriminating official. Mr. Robert Corser was Plaintiff's first-line supervisor.

8. Nancy Lawrence is not a defendant in this lawsuit but was named in Plaintiff's EEOC complaint as a discriminating official.

## STATEMENT OF FACTS

9. Plaintiff was hired at the Vandenberg Air Force Base, U.S. Air Force, 2ROPS Range Scheduling Office, on or about February 2007. She worked as a Realtime Range Scheduler, MOCC Coordinator and Forecast Scheduler in the Range Scheduling Office.

10. In 2015, Plaintiff was diagnosed with Acute Stress Disorder, High Anxiety, High Blood Pressure, Acid Reflux due to stress, Panic Attacks and a loss of concentration.

11. Plaintiff was diagnosed with permanent disability in 2016.

12. On June 28, 2016, Plaintiff requested reasonable accommodation from Defendant. She asked Defendant to allow her to work from an alternate office location to accommodate her disability.

13. Throughout 2016 and 2017, Complainant and her physician filed accommodation requests on her behalf.

14. The Agency ignored her accommodation requests from June 2016 onward and kept her out of work on sick leave.

15. Plaintiff provided medical documentation to Defendant to support her request for reasonable accommodation.

16. On Oct 3, 2017, Plaintiff contacted Defendant's EEO Office and alleged that she was being discriminated against by the Agency's failure to accommodation.

17. Mr. Robert Corser became aware of Plaintiff's disability, accommodation request, and protected EEO activity in June 2016.

18. On October 3, 2017, Plaintiff informed Defendant that Defendant failed to accommodate her.

19. On Oct 5, 2017, Plaintiff filed a formal EEO complaint (Agency Case No. 5Z1S17002 but agency later changed it to 5Z1S18002). Plaintiff alleged that she was discriminated against and retaliated against under the Rehabilitation Act when she was denied a reasonable accommodation.

**EXHAUSTION OF REMEDIES**

20. Plaintiff exhausted all administrative requirements that apply to the processing of her complaints, including the filing of complaints with Defendant's EEO office.

## STATEMENT OF CLAIMS

COUNT I: Disability Discrimination in Violation of the Rehabilitation Act.

21. Plaintiff adopts and incorporates by reference paragraphs 1-20 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her disability when Defendant treated her less favorably than non-disabled employees.

22. A result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, Permanent physical ailments, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT II: Hostile work environment.

23. A result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering.

24. Plaintiff adopts and incorporates by reference paragraphs 1-23 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her disability when it subjected her to a continuous pattern of harassment.

25. Plaintiff adopts and incorporates by reference paragraphs 1-24 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to a pattern of

retaliatory harassment after she engaged in protected EEO activity and after she requested reasonable accommodation.

26. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments such as heart problems, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT III: Disability Discrimination: failure to provide reasonable accommodation.

27. Plaintiff adopts and incorporates by reference paragraphs 1-56 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her disability when it denied her reasonable accommodation.

28. As a result of the Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical ailments such as heart problems, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

COUNT IV: Retaliation.

29. Plaintiff adopts and incorporates by reference paragraphs 1-28 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, treated her differently from other employees after she informed Defendant that she was disabled and requested reasonable accommodation.

30. Plaintiff adopts and incorporates by reference paragraphs 1-29 above. Plaintiff alleges that Defendant, and/or agents or employees acting on its behalf, treated her differently from other employees after she initiated an informal EEO complaint and participated in the EEO process.

31. As a result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered and is suffering considerable injury, including loss of present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, physical injury, and indignity. As a consequence of Defendant's actions, Defendant is additionally liable to Plaintiff for those damages as well as for attorney fees, the cost of this litigation and accrued interest.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Enter judgment for Plaintiff against Defendant;

B. Declare that the conduct of Defendant is in violation of the Rehabilitation Act;

C. Award Plaintiff compensatory damages for the injuries, pain and suffering, and losses she suffered in an amount to be proven at trial;

D. Award Plaintiff medical expenses and other costs;

E. Award Plaintiff compensatory damages for the injuries, pain and suffering, and losses she suffered in an amount to be proven at trial;

F. Order Defendant to pay all reasonable attorney fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest;

G. Order Defendant to expunge her record of negative personnel information; and

H. Order Defendant to pay backpay and front pay;

I.      Order such other equitable and legal relief as the Court deems necessary and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by a jury of her peers as to the claim set forth in this Complaint.

/S/ ROYLAN G. DAMWYK

Respectfully submitted,

*s/a ROYLAN G. DAMWYK*                          June 28, 2022
Roylan G. Damwyk
500 Countrywood Court
Lompoc, CA 93436
Email: roy805eeo@aol.com
Tel. 805-588-0575