E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8341
    Facsimile: (213) 894-7819
    E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROYLAN G. DAMWYK,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. AIR FORCE, ET AL.,<br><br>        Defendants. | No. 2:22-cv-04424-GW-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)**<br><br>(*[Proposed] Order and Declaration of Major Lauren C. N. Kerby filed concurrently herewith*)<br><br>Hearing Date:   June 22, 2023<br>Hearing Time:  8:30 a.m.<br>Ctrm:         9D<br><br>Honorable George H. Wu<br>United States District Judge |

1

## **<u>TABLE OF CONTENTS</u>**

2

3   <u>DESCRIPTION</u>                                                                                      <u>PAGE</u>

4   NOTICE OF MOTION AND MOTION DISMISS ....................................................................vii

5   MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

6   I.      INTRODUCTION .................................................................................................. 1

7   II.     LEGAL STANDARDS ........................................................................................... 1

8           A.      Rule 12(b)(1) Standard ................................................................................. 1

9           B.      Rule 12(b)(6) Standard ................................................................................. 2

10          C.      Documents Subject to Judicial Notice ......................................................... 4

11  III.    STATEMENT OF FACTS AND PLAINTIFF'S EEO HISTORY ......................... 4

12          A.      Plaintiff's Work History and Her Initial EEO Complaints ........................... 4

13          B.      Plaintiff's Third EEO Complaint and the Instant Action.............................. 5

14  IV.     ARGUMENT.......................................................................................................... 6

15          A.      Plaintiff's Hostile Work Environment and Retaliation Claims Should
                    be Dismissed Because They Were Not Presented in Her
16                  Administrative EEO Complaint and Therefore Were Not
17                  Administratively Exhausted ......................................................................... 6

            B.      Plaintiff's Failure to Accommodate Claim Should be Dismissed As it
18                  is Time-Barred............................................................................................. 9

19          C.      Plaintiff's Complaint Fails to Adequately Allege a Claim for
20                  Disability Discrimination ........................................................................... 10

    V.      CONCLUSION.................................................................................................... 13
21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

<u>DESCRIPTION</u>                                                      <u>PAGE</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................3

*B.K.B. v. Maui Police Dep't*,
   276 F.3d 1091 (9th Cir. 2002) ......................................................7

*Babrocky v. Jewel Food Co.*,
   773 F.2d 857 (7th Cir. 1985) ........................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................2

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ..........................................................3

*Cato v. U.S.*,
   70 F.3d 1103 (9th Cir. 1995) ........................................................1

*Cherosky v. Henderson*,
   330 F.3d 1243 .............................................................................6, 9

*Davis v. Team Elec. Co.*,
   520 F.3d 1080 (9th Cir. 2008) ....................................................11

*Doe v. U.S.*,
   419 F.3d 1058 (9th Cir. 2005) ......................................................3

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998) ....................................................................11

*Fecht v. Price Co.*,
   70 F.3d 1078 .................................................................................3

*Forester v. Chertoff*,
   500 F.3d 920 (9th Cir. 2007) ........................................................6

*Fresno Cty.*,
  547 F.3d 943 (9th Cir. 2008) ......................................................................... 4

*Fusion IV Pharm., Inc. v. Becerra*,
  2018 WL 6137606 (C.D. Cal. July 16, 2018) ................................................... 4

*Galbraith v. Cty. of Santa Clara*,
  307 F.3d 1119 (9th Cir. 2002) ....................................................................... 3

*Godwin v. Hunt Wesson, Inc.*,
  150 F.3d 1217 (9th Cir. 1998) ..................................................................... 11

*Gonzales v. Marriot International, Inc.*,
  142 F.Supp.3d 961 (C.D. Cal. 2015) ............................................................ 11

*Hamm v. Nielsen*,
  2019 WL 3000656 (C.D. Cal. Mar. 29, 2019) ................................................. 6

*Hawn v. Executive Jet Management, Inc.*,
  615 F.3d 1151 (9th Cir. 2010) ..................................................................... 11

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980) ..................................................................... 3, 4

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ....................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994) ....................................................................................... 2

*Lacayo v. Donahoe*,
  2015 WL 993448 (N.D. Cal. Mar. 4, 2015) ..................................................... 4

*Lee v. City of L.A.*,
  250 F.3d 266 (9th Cir. 2001) ......................................................................... 4

*Leong v. Potter*,
  347 F.3d 1117 (9th Cir. 2003) .................................................................... 7, 8

*Lukovsky v. City & Cty. of San Francisco*,
 535 F.3d 1044 (9th Cir. 2008) ...................................................................... 9

*Lyons v. England*,
 307 F.3d 1092 (9th Cir. 2002) ...................................................................... 9

*Mackay v. Pfeil*,
 827 F.2d 540 (9th Cir. 1987) ........................................................................ 2

*Madigan v. Babbitt*,
 42 F. App'x 57 (9th Cir. 2002) ..................................................................... 8

*Manatt v. Bank of America, NA*,
 339 F.3d 792 (9th Cir. 2003) ................................................................... 9, 11

*McCarthy v. U.S.*,
 850 F.2d 558 (9th Cir. 1988) ........................................................................ 2

*Molina v. Los Angeles Cty. Dep't of Mental Health*,
 58 F. App'x 311 (9th Cir. 2003) ................................................................... 3

*Nat'l R.R. Passenger Corp. v. Morgan*,
 536 U.S. 101 (2002) ............................................................................... 9, 10

*Pardi v. Kaiser Foundation Hospitals*,
 389 F.3d 840 (9th Cir. 2004) ........................................................................ 9

*Parrino v. FHP, Inc.*,
 146 F.3d 699 (9th Cir. 1998) ........................................................................ 3

*Peterson v. Hewlett-Packard Co.*,
 358 F.3d 599 (9th Cir. 2004) ...................................................................... 11

*Safe Air for Everyone v. Meyer*,
 373 F.3d 1035 (9th Cir. 2004) ...................................................................... 2

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*,
 343 F.3d 1036 ............................................................................................... 2

v

*Schwarz v. U.S.*,
    234 F.3d 428 (9th Cir. 2000) ...................................................................................3

*Sommatino v. United States*,
    255 F.3d 704 (9th Cir. 2001) ...................................................................................6

*Swinnie v. Green*,
    2009 WL 959866 (W.D. Wash. Apr. 8, 2009).........................................................7

*U.S. v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) ...................................................................................4

*U.S. v. Mitchell*,
    445 U.S. 535 (1980)..................................................................................................1

*U.S. v. Testan*,
    424 U.S. 392 (1976)..................................................................................................1

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
    65 F. Supp. 3d 932 (C.D. Cal. 2014) ......................................................................4

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ...................................................................................2

**STATUTES**

42 U.S.C. § 2000e-2(a) ..............................................................................................11

42 U.S.C. § 2000e-16(c) ...............................................................................................6

**REGULATIONS**

29 C.F.R. §1614 ...........................................................................................................6

29 C.F.R. § 1614.105(a)(1) ...........................................................................................1

29 C.F.R. § 1614.106(b) ...............................................................................................7

29 C.F.R. § 1614.106(c) ...............................................................................................8

29 C.F.R. § 1615.105(a)(1) .....................................................................................9, 10

1

## **NOTICE OF MOTION AND MOTION DISMISS**

2      PLEASE TAKE NOTICE that, on June 22, 2023  at 8:30 a.m., as soon thereafter as

3   they may be heard, Defendants U.S. Air Force and Frank Kendall, III, in his official

4   capacity as the Secretary of the U.S. Air Force (collectively, "Defendants"), will, and

5   hereby do, move this Court for an order dismissing Plaintiff's Complaint (the

6   "Complaint"). This Motion will be made before the Honorable George H. Wu, United

7   States District Judge, Courtroom 9D, in the First Street Federal Courthouse, located at 350

8   W. 1st Street, Los Angeles, CA 90012.

9      Defendants respectfully move this Court to dismiss Plaintiff's Complaint pursuant

10  to Fed. R. Civ. P. 12(b)(1) based on the Court's lack of subject matter jurisdiction over

11  this matter and Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which

12  relief can be granted.

13     This Motion is made upon this Notice, the attached Memorandum of Points and

14  Authorities, the Declaration of Major Lauren C. N. Kerby and exhibits thereto, filed

15  concurrently herewith, all pleadings, records, and other documents on file with the Court

16  in this action, and upon such oral argument as may be presented at the hearing of this

17  Motion.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1    / / /

2          This Motion is made following the conference of counsel pursuant to Local Rule 7-

3    3 which was held on May 16, 2023.

4

5     Dated: May 24, 2023                    Respectfully submitted,

6                                            E. MARTIN ESTRADA
                                             United States Attorney
7                                            DAVID M. HARRIS
                                             Assistant United States Attorney
8                                            Chief, Civil Division
                                             JOANNE S. OSINOFF
9                                            Assistant United States Attorney
                                             Chief, Complex and Defensive Litigation
10                                           Section

11

12

13                                            /s/ *Jonathan Russell Blakey*
                                             JONATHAN RUSSELL BLAKEY
14                                           Assistant United States Attorney

15                                           Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            viii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On June 28, 2022, Plaintiff Roylan G. Damwyk ("Plaintiff") filed a Complaint against Defendants U.S. Air Force ("USAF") and Frank Kendall, III, in his official capacity as the Secretary of the U.S. Air Force (collectively, "Defendants"). Dkt. 1 ("Compl."). Plaintiff's Complaint asserts claims under Section 501 of the Rehabilitation Act of 1973, specifically alleging four causes of action: (1) disability discrimination; (2) hostile work environment; (3) failure to accommodate; and (3) retaliation. Compl. ¶¶ 1, 21-31.

Plaintiff's Complaint, however, is fatally flawed in multiple ways. First, the Court lacks subject matter jurisdiction over Plaintiff's hostile work environment and retaliation claims pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust her administrative remedies for these claims before filing a Complaint in the District Court. Similarly, Plaintiff's failure to seek Equal Employment Opportunity ("EEO") counseling within 45 days of the alleged events giving rise to her failure to accommodate claim also precludes the Court from exercising subject matter jurisdiction over Plaintiff's third cause of action. 29 C.F.R. § 1614.105(a)(1). Finally, regarding Plaintiff's first cause of action for disability discrimination, Plaintiff's Complaint fails to allege sufficient facts to support a legal claim upon which relief may be granted and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

For the following reasons, Defendants respectfully requests that the Court grant this Motion.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Standard

The United States, as sovereign, is immune from suit unless it consents to being sued. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); *U.S. v. Testan*, 424 U.S. 392, 399 (1976); *Cato v. U.S.*, 70 F.3d 1103, 1107 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."

1

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted). Accordingly, dismissal is appropriate when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1); *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

A challenge to subject matter jurisdiction may be asserted as either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. "[The court] also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039, n. 2 (9th Cir. 2003), *cert. denied,* 541 U.S. 1009 (2004).

### B.   Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A motion under Fed. R. Civ. P. 12(b)(6) is appropriate where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-555, 570 (2007). A complaint meets this standard only if it "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint, as well as any reasonable inferences to be drawn from them, as true and construe them in the light most favorable to the non-moving party. *See Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Schwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000).

A Rule 12(b)(6) motion is proper in challenging claims in a Title VII suit where the plaintiff's claims are time-barred. *See Molina v. Los Angeles Cty. Dep't of Mental Health*, 58 F. App'x 311, 313-14 (9th Cir. 2003); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). In *Molina*, the Ninth Circuit rejected the plaintiff's argument that a motion to dismiss challenging timeliness should be converted into a motion for summary judgment, explaining: "A document is not considered 'outside the pleading' for purpose of Rule 12(b) 'if the complaint specifically refers to the document and if its authenticity is not questioned.'" *Molina*, 58 F. App'x at 313 (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Moreover, this principle also applies to documents that are not specifically referred to in a complaint, but whose contents are. *Branch*, 14 F.3d at 454 ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds, Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Thus, it was not improper for an employer in a Title VII case to attach copies of these pertinent documents to its motion to dismiss, and the "documents could be referenced by the district court without going 'outside' the pleadings." *Molina*, 58 F. App'x at 313. (citing *Branch,* 14 F.3d at 454; *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir. 1995); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

## C.     Documents Subject to Judicial Notice

In ruling on a motion under Fed. R. Civ. P. 12, a court may consider the allegations in the complaint as well as documents attached to the complaint, incorporated by reference in the complaint, matters of public record, or facts otherwise subject to judicial notice. *See Jablon*, 614 F.2d at 682; *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942 (C.D. Cal. 2014). For instance, the district court may take judicial notice of a material even if not physically attached to the complaint, if its authenticity is not contested and it is necessarily relied upon within the complaint. *Lee v. City of L.A.*, 250 F.3d 266, 288 (9th Cir. 2001); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

"Judicial notice is appropriate for records and 'reports of administrative bodies'" on a Rule 12 motion. *U.S. v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Fusion IV Pharm., Inc. v. Becerra*, 2018 WL 6137606, at *4 (C.D. Cal. July 16, 2018) (granting defendants' request for judicial notice of documents from an administrative proceeding) (Honorable Percy Anderson). "In the context of employment discrimination cases in particular, it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record." *Lacayo v. Donahoe*, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) (citing cases).

## III.     STATEMENT OF FACTS AND PLAINTIFF'S EEO HISTORY

### A.     Plaintiff's Work History and Her Initial EEO Complaints

In 2007, USAF hired Plaintiff Roylan G. Damwyk ("Plaintiff") as a Real Time Forecaster, GS 1101-11, at the 2d Range Operations Squadron (2 ROPS) Range Scheduling Office. Declaration of Major Lauren C. N. Kerby ("Kerby Decl.") ¶ 4. On January 22, 2015, Plaintiff filed her first EEO Complaint (No. 5Z1S15002) alleging discrimination, retaliation, and hostile work environment on the basis of sex. *Id*. ¶ 5, Exhibit ("Ex.") 1 Plaintiff's EEO Complaint alleged several instances of discrimination from February 2011 and 2015. *Id*. While Plaintiff's first EEO Complaint was being

4

investigated, Plaintiff filed a second EEO Complaint (No. 5Z1S16003) on September 20, 2016, again alleging discrimination, retaliation, and a hostile work environment on the basis of sex. *Id*. ¶ 6, Ex. 2. On December 6, 2017, Plaintiff's first and second EEO Complaints were consolidated into one EEO Complaint. *Id*. ¶ 7, Ex. 3. On September 30, 2021, USAF issued its Final Agency Decision . *Id*. ¶ 8, Ex. 4.

### B. Plaintiff's Third EEO Complaint and the Instant Action

On November 22, 2017, Plaintiff filed her third EEO Complaint (No. 5Z1S18002), but unlike Plaintiff's previous two EEO Complaints, the third EEO Complaint alleged **disability** discrimination. *Id*. ¶ 9, Ex. 5. In Section 9 of the EEO Complaint form, which asks Plaintiff to "Explain in specifics how you believe you were discriminated against . . . due to your race, color, religion, national origin, sex, age, pregnancy, genetic information, disability, or reprisal," Plaintiff left the box empty. *Id*. In response to Plaintiff's claims, the USAF issued its Notice of Claim(s) Identified for Investigation ("Notice of Claims") on December 28, 2017. *Id*. ¶ 10, Ex. 6. The Notice of Claims identified two causes of action, disability discrimination and failure to accommodate, and three specific allegations requiring investigation:

> Whether the complainant was discriminated against on the basis of failure to accommodate a medical disability when the following occurred:
>
> a.   3 Oct 17, Ms. Damwyk received an email from Ms. Jolene Cantrell, Chief, Civilian Personnel Flight, asking her to "refrain from calling the personnel office" regarding her medical accommodation request.
>
> b.   26 Sep 2017, Ms. Damwyk had obtained approval from her medical counselor to be released back to work and found 4 positions for which she was qualified. She presented them to Ms. Arlene Quichocho, EMR, HR Specialist, she received no response.
>
> c.   11 Jul/2017 - Ms. Damwyk called Ms. Quichocho and asked about options for her current situation and informed Ms. Quichocho she was going to file a complaint with MSPB because the agency did not respond to her request for medical accommodation. She was told, she (Ms. Quichocho) would look into it, she received no response.

*Id.* After Plaintiff received the Notice of Claims, Plaintiff's counsel informed USAF that she believed the Notice of Claims did not accurately reflect what her specific claims were. *Id.* ¶¶ 12-13, Exs. 7, 8. In response to Plaintiff's counsel's concerns, the USAF repeatedly informed Plaintiff and her counsel that Plaintiff would need to file an amended EEO

1  Complaint with the EEO Office. *Id*. Despite these instructions, Plaintiff and Plaintiff's
2  counsel refused to amend her third EEO Complaint. *Id*.

3      On July 20, 2018, Plaintiff filed a Motion for Sanctions against the USAF, alleging
4  that that the USAF refused to investigate the issues Plaintiff raised during the informal and
5  formal EEO Complaint process and that it failed to submit a relevant Report of
6  Investigation to Administrative Judge Kathleen Mulligan ("the AJ") and the parties. *Id*. ¶
7  14, Ex. 9. Plaintiff's Motion for Sanctions was denied on July 29, 2019. *Id*. ¶ 15. On
8  November 9, 2018, the USAF filed a Motion for Summary Judgment against Plaintiff's
9  third EEO Complaint, which was later granted by the AJ on July 23, 2020. *Id*. ¶¶ 16-17,
10  Ex. 10. Plaintiff appealed the AJ's decision to the Office of Federal Operations ("OFO"),
11  but on March 31, 2022, the OFO affirmed the AJ's decision granting the Motion for
12  Summary Judgement. *Id*. ¶ 18.

13      Plaintiff filed the instant action in the District Court on June 28, 2022. Dkt. 1.

14  **IV.   ARGUMENT**

15      **A.   Plaintiff's Hostile Work Environment and Retaliation Claims Should be**
16          **Dismissed Because They Were Not Presented in Her Administrative**
17          **EEO Complaint and Therefore Were Not Administratively Exhausted**

18      The Court should dismiss Plaintiff's claims for hostile work environment ("Count
19  II") and retaliation ("Count IV") as Plaintiff failed to present these claims in her third EEO
20  Complaint and therefore failed to administratively exhaust those claims. To litigate a Title
21  VII claim in federal district court, Plaintiff must have first exhausted her administrative
22  remedies. *See Forester v. Chertoff*, 500 F.3d 920, 925 n.5 (9th Cir. 2007); *see also*
23  *Cherosky v. Henderson*, 330 F.3d 1243, 1245. Only after the administrative remedies have
24  been exhausted may she seek judicial review. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §1614.

25      A "plaintiff alleging discrimination must exhaust [her] administrative remedies by
26  presenting [her] claim to the EEOC" in a formal complaint. *Hamm v. Nielsen*, 2019 WL
27  3000656, at *6 (C.D. Cal. Mar. 29, 2019) (citing *Sommatino v. United States*, 255 F.3d
28  704, 708 (9th Cir. 2001)). The EEO complaint must contain a statement that is

1    "sufficiently precise to identify the aggrieved individual and the agency and to describe

2    generally the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. §

3    1614.106(b). The "agency can then investigate, attempt conciliation, and, if necessary,

4    engage the administrative process." *Sommatino*, 255 F.3d at 710.

5         "Allowing a complaint to encompass allegations outside the ambit of the predicate

6    EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well

7    as deprive the charged party of notice of the charge." *B.K.B. v. Maui Police Dep't*, 276

8    F.3d 1091, 1099 (9th Cir. 2002) (quoting *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863

9    (7th Cir. 1985)). Thus, claims not raised in the EEO charge that are raised for the first time

10   in the federal complaint must be dismissed. *See*, *e.g.*, *Leong v. Potter*, 347 F.3d 1117, 1122

11   (9th Cir. 2003) (dismissing a federal claim that "relie[d] on a different legal theory" as

12   compared to the administrative complaint); *Swinnie v. Green*, 2009 WL 959866, at *3-4

13   (W.D. Wash. Apr. 8, 2009) ("The EEO complaint and investigation concerned specific

14   acts of discrimination in regard to assigned straight-time and overtime hours and

15   retaliation for Plaintiff's EEO complaint. Neither the complaint nor the investigation

16   concern a hostile work environment . . . ."), *aff'd in relevant part*, 379 F. App'x 665 (9th

17   Cir. 2010) (holding that the plaintiff's EEO complaint "alleged discrete acts of

18   discrimination but would not have put the EEO investigator on notice of a pattern of

19   conduct 'sufficiently severe or pervasive' so as to create an 'abusive work environment'");

20   *Maui Police Dep't.*, 276 F.3d at 1100 (the Court only has subject matter jurisdiction over

21   those allegations that "fell within the scope of the EEOC's *actual* investigation or the

22   EEOC investigation which *can reasonably be expected* to grow out of the charge of

23   discrimination" that is exhausted) (emphasis in original).

24        In the instant case, Plaintiff failed to present her hostile work environment and

25   retaliation claims for investigation in her third EEO Complaint. Kerby Decl. ¶ 9, Ex. 5.

26   Although the Plaintiff's Complaint states that Plaintiff alleged claims for discrimination,

27   retaliation, and failure to accommodate in her third EEO Complaint, this is simply not the

28   case. Compl. ¶ 19. Not only did Plaintiff fail to make any reference to a retaliation cause

7

of action in her third EEO Complaint, but Plaintiff failed to even select the box titled "Reprisal for Previous EEO Activity," under Section 8, which states, "Check Below Why You Believe You Were Discriminated Against." Kerby Decl. ¶ 9, Ex. 5. A reasonable EEO investigation would not have focused on anything other than what Plaintiff raised in her formal EEO complaint. 29 C.F.R. § 1614.106(c); *Sommatino*, 255 F.3d at 710. Indeed, Plaintiff's prior EEO Complaints evince that she knew this to be the case; Plaintiff's first and second EEO Complaints specifically included references to retaliation and hostile work environment claims, but Plaintiff's third EEO Complaint contains no indication that Plaintiff elected to put such claims at issue. Importantly, Plaintiff and her counsel were even informed on multiple occasions that if Plaintiff wished to include such claims, an amendment to Plaintiff's third EEO Complaint was required, which Plaintiff refused to do. Kerby Decl. ¶¶ 12-13, Exs. 7, 8. Therefore, Plaintiff's hostile work environment and retaliation claims must be dismissed due to Plaintiff's failure to exhaust her administrative remedies for these claims. *See Leong*, 347 F.3d at 1122; *Swinnie*, 2009 WL 959866, at *3-4.

Moreover, Plaintiff's hostile work environment and retaliation claims are not reasonably related to Plaintiff's exhausted discrimination and failure to accommodate claims.

> In deciding whether a reasonable relationship exists, the court must determine whether the original EEOC investigation would have encompassed the additional charges. The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.

*Madigan v. Babbitt*, 42 F. App'x 57, 59 (9th Cir. 2002) (citation omitted). Here, the Notice of Claims identifies two individuals: Ms. Joelen Cantrell and Ms. Arlene Quichocho. Kerby Decl. ¶ 11. Neither individual supervised nor worked in the same work center as Plaintiff. *Id.* There is no reason the investigation would have attempted to determine

whether these two individuals subjected Plaintiff to conduct so severe or pervasive that it would have altered the conditions of her employment. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003). Likewise, there was no reason the investigation would have encompassed retaliation claims; neither of the officials named in the EEO complaint had the authority or ability to take an adverse employment action against Plaintiff, being wholly outside her supervisory chain—nor was there any suggestion by Plaintiff that they had done so. Kerby Decl. ¶ 11; *see Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 850 (9th Cir. 2004).

### B. Plaintiff's Failure to Accommodate Claim Should be Dismissed As it is Time-Barred

Federal employees complaining of discrimination by a federal agency "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1615.105(a)(1). "Failure to comply with this regulation is fatal to a federal employee's discrimination claim." *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quotations omitted); *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) ("Federal employees are required to consult with an EEOC counselor within 45 days of the alleged discriminatory incident as a condition precedent to filing a formal charge.").

In determining whether a claim is timely, there is a distinction between discrete acts of discrimination versus hostile work environment claims. A discrete act consists of an unlawful practice that "occurred" on the day it "happened," and includes "termination, failure to promote, denial of transfer, or refusal to hire." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 114 (2002). Pursuant to the Supreme Court's holding in *Morgan*, "discriminatory acts are not actionable if time barred, even if they are related to timely filed charges." *Id.* A discrimination claim accrues "upon awareness of the actual injury, *i.e.*, the adverse employment action, and not when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008). / / /

Here, Plaintiff initiated contact with her EEO Counselor on October 5, 2017. Kerby Decl. ¶ 10, Ex. 7. Therefore, all allegations in Plaintiff's third EEO Complaint that occurred prior to August 21, 2017 are time-barred. With few exceptions, all of the factual allegations contained within Plaintiff's District Court Complaint pre-date the August 21, 2017 cutoff date and are therefore untimely. *See* Compl. ¶¶ 9-15, 17; 29 C.F.R. § 1615.105(a)(1). Indeed, Plaintiff's Complaint concedes this point by confirming that the alleged failure to accommodate occurred in June 2016, thereby requiring Plaintiff to have initiated EEO counseling by approximately mid-August 2016. Compl., ¶ 14. Accordingly, Plaintiff missed her deadline to initiate EEO counseling regarding the alleged failure to accommodate claim by approximately one year and two months. Therefore, Plaintiff's failure to accommodate claim should be dismissed as untimely.

Moreover and assuming *arguendo* that Plaintiff's third EEO Complaint had included retaliation and hostile work environment claims (it does not), they too would be time-barred for the same reasons. *See* 29 C.F.R. § 1615.105(a)(1). Plaintiff knew of this 45-day requirement given that it was expressly included in the "READ INSTRUCTIONS CAREFULLY" section of all three of Plaintiff's EEO Complaints. Kerby Decl. ¶¶ 6,7, and 9, Exs. 2, 3, and 5. Creating even further issues for Plaintiff is the fact that Plaintiff's allegations predating the above referenced August 21, 2017 cutoff describe discrete acts, which cannot serve as the basis for a hostile work environment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 114 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."); s*ee* 29 C.F.R. § 1615.105(a)(1). Accordingly, all allegations prior to August 21, 2017 contained in the Complaint are time-barred and Plaintiff's hostile work environment, retaliation, and failure to accommodate claims should be dismissed for Plaintiff's failure to exhaust her administrative remedies.

## C.   Plaintiff's Complaint Fails to Adequately Allege a Claim for Disability Discrimination

Given that Plaintiff's discrimination claim relies exclusively on the timely allegations contained within Plaintiff's Complaint, Plaintiff's disability discrimination

claim must fail. Title VII forbids employers from discriminating against employees with respect to compensation, terms, conditions, or privileges of employment because of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). "To establish a *prima facie* case, plaintiffs must offer evidence that 'gives rise to an inference of unlawful discrimination.'" *Hawn v. Executive Jet Management, Inc*., 615 F.3d 1151, 1155 (9th Cir. 2010) (citing *Godwin v. Hunt Wesson, Inc*., 150 F.3d 1217, 1220 (9th Cir. 1998)). "Plaintiffs may establish a *prima facie* [unlawful discrimination] case based on circumstantial evidence by showing: (1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that 'similarly situated individuals outside [their] protected class were treated more favorably, or other circumstances surrounding the adverse employment action giving rise to an inference of discrimination.'" *Hawn*, 615 F.3d at 1156 (citing *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004) (emphasis added)).

Adverse employment actions are actions that "materially affect the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). "There are, however, limits to what can be considered adverse employment action. 'A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient,' and 'the mere fact that an employee is displeased by an employer's act . . . does not elevate that act' to the level of adverse action." *Gonzales v. Marriot International, Inc.*, 142 F.Supp.3d 961, 983-984 (C.D. Cal. 2015) (citation omitted); *see also Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) ("'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Plaintiff's Complaint contains no factual allegations describing how Defendants subjected Plaintiff to an adverse employment action. *See* Compl. The only timely factual allegations in the Complaint describe (1) Plaintiff informing Defendants of her intention

to file an EEO Complaint and (2) her subsequent filing of the same. Compl. ¶¶ 16, 18 and 19. It should also be noted that the three allegations accepted for investigation based on Plaintiff's third EEO Complaint (which are **not** alleged in the Complaint), do not allege any adverse actions being taken against Plaintiff. Kerby Decl. ¶ 10, Ex. 6. Furthermore, though Plaintiff's Complaint claims that she was the victim of "discrimination on the basis of her disability when Defendant(s) treated her less favorably than non-disabled employees," Plaintiff alleges no facts to support this contention. Compl. ¶ 21. This conclusory claim cannot sustain Plaintiff's claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" and "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted). Therefore, Plaintiff's Complaint fails to adequately allege facts sufficient to state a claim for disability discrimination.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion.

Dated: May 24, 2023                         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section

  */s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendants

### Certificate of Compliance under L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 7,000 words, which complies with the Local Rule 11-6.1.

Dated: May 24, 2023                         */s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney