Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROYLAN G. DAMWYK | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:22-cv-04424-GW-SK |
| v. | ) |
| | ) **OPPOSITION TO DEFENDANTS'** |
| | ) **MOTION TO DISMISS PLAINTIFF'S** |
| U.S AIR FORCE, ET. AL. | ) **COMPLAINT UNDER** |
| | ) **FED. R. CIV. P. 12(b)(1) AND FED. R.** |
| | ) **CIV. P. 12(b)(6)** |
| Defendants | ) |
| | ) Hearing: June 22, 2023[1] |
| | ) Hearing Time: 8:30 a.m. |
| | ) Honorable George H. Wu |
| | ) United States District Judge |
| | ) |

Plaintiff respectfully moves the Court to deny Defendants' Motion to

---

[1] Plaintiff's counsel requests permission to attend the June 22, 2023 hearing by video or by phone. She is located in Washington, DC and is unable to make the June 22, 2023 hearing in person.

i

Dismiss Plaintiff's Complaint under *Federal Rules of Civil Procedure 12(b)(1)*

and *12(b)(6).*

Respectfully submitted,

Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

Attorney for Plaintiff

*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

<u>DESCRIPTION</u>                                                                                              <u>PAGE</u>

NOTICE OF OPPOSITION MOTION .......................................................................... i

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.       INTRODUCTION……………………………………….…………..2

II.      LEGAL STANDARDS..........................................................................2

     A.      Rule 12(b)(1) Standard ...........................................................2

     B.      Rule 12(b)(6) Standard ...........................................................3

III.     STATEMENT OF FACTS .....................................................................3

     A.      Plaintiff's Initial EEO Complaints.........................................3

     B.      Plaintiff's Third EEO Complaint and the Instant Action ......................4

IV.      ARGUMENT………………………………………………………16

     A.      Defendants Argued that Plaintiff's Hostile Work Environment
         and Retaliation Claims Should be Dismissed Because
         They Were Not Presented in Her Administrative EEO
         Complaint and Therefore Were Not Administratively
         Exhausted……………………………………………………...…16

     B.      Plaintiff's Failure to Accommodate Claim Should be
         Dismissed As it Time Barred…………………………………..20

     C.      Plaintiff's Complaint Fails to Adequately Allege a
         Claim for Disability
         Discrimination…………………………………….……………21

V.       CONCLUSION………………………………….……………………26

# TABLE OF AUTHORITIES

DESCRIPTION                                                                         PAGE

**CASES:**

*Barnett v. U.S. Air Inc.,*

      228 F.3d 1105, 1112 (9th Cir.2000)……………………………………..22, 23

*Beck v. Univ. of Wis. Bd. of Regents,*

      75 F.3d 1130, 1137 (7th Cir. 1996)……………………………..……..22

*Bell Atlantic Corp. v. Twombly,*

      127 S. Ct. 1955, 1964-65 (2007)……………………..…………………..3

*B.K.B. v. Maui Police Dep't.,*

      276 F.3d 1091, 1100 (9th Cir. 2002)……..…………………………….17

*Brown v. City of Tucson,*

      336 F.3d 1181, 1187 (9th Cir. 2003)……………………………..…….17

*Coons v. Dept. of Treasury,*

      383 F.3d 879, 887 (2004)………………………………….…………17

*EEOC v. Farmer Bros. Co.,*

      31 F.3d 891, 899 (9th Cir. 1994)……………..…………..…………...16

*Flynn v. Ohio Bldg. Restoration, Inc.,*

      260 F. Supp. 2d 156, 161 (D.D.C. 2003)………………….………………..3

iv

*Freeman v. Oakland Unified Sch. Dist.,*

    291 F.3d 632, 637 (9th  Cir. 2002)……………………...……………17

*Hohri v. United States,*

    782 F.2d 227, 241 (D.C. Cir. 1986)……………………..…………...2

*Leong v. Potter,*

    347 F.3d 1117, 1121-22 (9th Cir. 2003)……………….………....16, 17

*Humphrey v. Memorial Hospitals Ass'n.,*

    239 F.3d 1128, 1137 (9th Cir. 2001…………….………………………22

*Jay v. Intermet Wagner, Inc.,*

    233 F.3d 1014, 1017 (7th Cir. 2000)………………….…………24

*McConathy v. Dr. Pepper/Seven Up Corp.,*

    131 F.3d 558, 563 (5th Cir. 1998)………………….…….…....…19

*Mobley v. Allstate Ins. Co.,*

    531 F.3d 539, 546 (7th Cir. 2008)………………...…….………...24

*Steiner v. Showboat Operating Co.,*

    25 F.3d 1459, 1463, n. 4 (9th Cir. 1994)…………………………..19

*Swierkiewicz v. Sorema, N.A.,*

    534 U.S. 506, 508 n.1 (2002)………………………….…………3

*Univ. of Texas Southwestern Med. Ctr. v. Nassar,*

    570 U.S. 338, 360 (2013)……………………….…………………………17

*Yonemoto v. McDonald,*

    114 F.Supp.3d 1067, 1114 (D.Haw. 2015)…………………………22, 23

*Welch v. Skorton*,

    299 F. Supp. 3d 102, 110 (D.D.C. 2018)………………………………..25

*Zivkovic v. S. Cal. Edison Co.,*

    302 F.3d 1080, 1089 (9th Cir. 2002)……………………….…………21, 22

**STATUTES:**

42 U.S.C § 12112(b)(5)(A)……………………………………………………..22

**REGULATIONS:**

29 C.F.R. § 1615.105(a)(1)…………………………………………...…20, 21

Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROYLAN G. DAMWYK, | Case No.: 2:22-cv-04424-GW-SK |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P 12(B)(6)** |
| U.S. AIR FORCE ET AL., | |
| Defendants | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Roylan G. Damwyk filed a Complaint under the Rehabilitation Act of 1974 alleging that the United States Air Force (Defendants) refused to provide reasonable accommodation, treated her differently than non-disabled employees, created a hostile work environment, and retaliated against her for engaging in

EEO activity. Compl. (ECF No. 1) ¶ 1, 21-31. As seen below, Plaintiff has alleged sufficient facts to warrant denial of Defendants' Motion to Dismiss.

## I.   INTRODUCTION

Defendants argued that the Court lacks subject matter jurisdiction over Plaintiff's hostile work environment and retaliation claims pursuant to *Fed. R. Civ. P. 12(b)(1)* because Plaintiff failed to exhaust her administrative remedies before filing a Complaint in the District Court. Defendants argued that Plaintiff failed to seek Equal Employment Opportunity ("EEO") counseling within 45 days of the alleged events giving rise to her failure to accommodate claim. Defendants also argued that Plaintiff's Complaint fails to allege sufficient facts to support a legal claim upon which relief may be granted and therefore should be dismissed pursuant *Fed. R. Civ. P. 12(b)(6)*.

## II.   LEGAL STANDARDS

### A.   *Rule 12(b)(1)* Standard

Pursuant to Federal Rules of Civil Procedures (*F.R.Civ.P*) *Rule 12(b)(1)* motion, the Court must accept as true all material factual allegations in Plaintiff's Complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). The Court may also look to materials outside of the pleadings to satisfy itself that it has subject matter jurisdiction

without converting the motion into a motion for summary judgment. *See Flynn v. Ohio Bldg. Restoration, Inc.,* 260 F. Supp. 2d 156, 161 (D.D.C. 2003).

### B.   *Rule 12(b)(6)* Standard

To survive a motion to dismiss pursuant to *Rule 12(b)(6)*, a plaintiff's complaint "need not provide detailed factual allegations" but rather must simply allege facts sufficient "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 n.1 (2002). The Supreme Court has made clear that there is no heightened pleading requirement, *Swierkiewicz*, 534 U.S. at 515; rather, a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

## III.   STATEMENT OF FACTS

### A.   Plaintiff's Initial EEO Complaints

In 2007, Defendants hired Plaintiff to work as a Real Time Forecaster, GS 1101-11, at the 2d Ranger Operations Squadron (2 ROPS) Range Scheduling Office, Vandenberg Air Force Base.

On January 22, 2015, Plaintiff filed an Equal Employment Opportunity

3

(EEO) complaint (Agency Case Number No. 5Z1S15002) alleging discrimination, retaliation, and hostile work environment on the basis of her sex. ECF 49, Defendants' Exhibit (Ex.) 1. On September 29, 2016, Plaintiff filed a second EEO complaint (Agency Case No. 5Z1S16003) alleging discrimination, retaliation, and co-worker harassment. ECF NO. 49, Defendants' Ex. 2.

On December 6, 2017, an Equal Employment Opportunity Commission (EEOC) Administrative Judge consolidated Plaintiff's first and second EEO complaints. Ex. 1. The Administrative Judge granted Defendants' Motion for Summary judgment and dismissed the case. *Id.*

Plaintiff appealed the Judge's decision to the EEOC's Office of Federal Operations (OFO). *Id.* The OFO granted Plaintiff's appeal, in part, modified Defendants' final agency decision, and awarded attorney fees. *Id.* The OFO concluded that Plaintiff's first-line supervisor, Robert Corser (Supervisor of Realtime Scheduling), retaliated against Plaintiff on May 20, 2016, when he stated to Plaintiff:

> I am doing everything I can to support you, but it's just not good enough. [The Chief of Scheduling] and I were both thrown under the bus due to your EEO complaint. If I don't give you time, you're just going to file a grievance.

*Id.* at 5.

## B.     Plaintiff's Third EEO Complaint and Instant Action.

4

On June 28, 2016, a little more than a month after Mr. Corser made the retaliatory comment, Plaintiff emailed Mr. Corser and her second-line supervisor, Thomas Chiavacci (Chief of Scheduling), and requested reasonable accommodation. Ex. 2. Plaintiff stated in her email:

> I am asking for a medical accommodation to an alternate office location and sick leave until a resolution can be accomplished.

*Id.* Plaintiff also copied Patrick Maloy, the Union President, and Betsy Torres, her Union Representative. *Id.* at 1. Plaintiff included a note from her medical provider, Carl A. Schlosser, M.D., which stated, "Patient has extreme stress due to very hostile work environment." *Id.* at 2.

On June 29, 2016, Mr. Corser forwarded Plaintiff's accommodation request to Krista Miller, a Human Resources Specialist. Ex. 3, p. 1. He stated, "As requested sending medical form as an attachment." *Id.* Mr. Chiavacci was copied on the email. *Id.* at 1.

On July 18, 2016, Lt. Col. Jason Turner, the 2RPOS Commander and Plaintiff's third-line supervisor, emailed Ms. Miller and Nancy Lawrence, the Chief of Labor Relations, and asked them to clarify the accommodation process. *Id.* at 4. Ms. Miller responded the next day and told him:

> From my understanding of Mrs. Damwyk's EEO complaint, she is requesting a management reassignment where management would place

5

her in another position. However, if you do not have a vacant GS-11 position within the squadron, there are no means to satisfy her request. I believe what you are referring to is a medical accommodation. For a medical accommodation, the employee would need to schedule an appointment to speak with our office. The employee must make the request for a medical accommodation and provide our office with medical documentation supporting the employee's limitations. Our office would then take the information to Staffing to see if there are any vacant positions that she could be placed in. If there is a vacant position she can be placed into, she will be reassigned or change to lower grade (if she is willing), but if there is not, she will be separated from Federal service. Due to the potential of the employee being separated from Federal service if there is no vacant position available, it is important that the employee speak with our office to gather all the information needed to make a decision. The guidance that you would give Mrs. Damwyk regarding a medical accommodation would be to speak with our office, and we will go through the details with her so that she understands her options.

*Id.* at 2-3. Ms. Miller believed Plaintiff requested a reassignment to a new position. *Id.* Lt Col Turner forwarded Ms. Miller's email to Mr. Chiavacci. *Id.* at 1.

From July 2016 through 2017, Plaintiff's medical provider, Janis R. Knox, wrote letters to Mr. Corser imploring him to move Plaintiff to an alternative office location. In a letter, dated July 22, 2016, Ms. Knox informed Mr. Corser that Plaintiff suffered from Acute Stress Disorder, High Blood Pressure, and high stress in the workplace. Ex. 4. Ms. Knox recommended "changing her work location." *Id.* In another letter, dated September 16, 2016, Ms. Knox informed Mr. Corser that Plaintiff could return to work, but not in her normal work

6

environment. Ex. 5. On October 18, 2016, Ms. Knox informed Mr. Corser that

Plaintiff could not go back to "a hostile work environment, where no

accommodations have been proposed to correct the situation." Ex. 6. On January

10, 2017, Ms. Knox told Mr. Corser that Plaintiff was still suffering from "Acute

Stress Disorder from the initial incident in the hostile work environment." Ex. 7.

She stated that, "Additional stress and frustration has been added from a *lack of*

*resolution to her situation from the agency* and no resolve from other agencies."

*Id.* (Emphasis Added). Ms. Knox sent Mr. Corser a letter on April 27, 2017,

stating again that Plaintiff was frustrated by the lack of response to her

accommodation request. Ex. 8.

On July 11, 2017, Plaintiff emailed the June 28, 2016 email to Arlene

Quichocho, a Human Resources Specialist. Ex. 9, p. 2. On July 19, 2017, almost

thirteen (13) months after Plaintiff requested reasonable accommodation, Ms.

Quichocho asked Plaintiff to submit another accommodation request. *Id.* She

stated:

> Based on your [June 28, 2016] request below on medical accommodation,
> please provide the attached documents to your attending physician to review
> and complete. We need your medical provider to submit your diagnosis,
> what specific limitations you have from performing your job duties and/or
> recommended accommodations.

Ex. 9.

On August 14, 2017, per Defendants' request, Plaintiff submitted an

updated reasonable accommodation request. Ex. 10. She requested a move to an

alternative work location and, if that was not possible, a reassignment to a

different position. *Id.*

On August 29, 2017, after receiving no response, Plaintiff emailed Ms.

Quichocho and stated:

> I am trying to follow-up on the last medical accommodation I sent to you on
> Aug 9, 2017. I haven't heard anything from you so I'm checking on the
> status. I found another position that is opening with CE in the 583rd MMXS.
> As far as I know this position for a scheduler hasn't even been advertised
> yet.

Ex. 11.

On August 30, 2017, in an internal memorandum, Mr. Corser stated,

"Based on the conditions listed in the attachment, 2 ROPS has no medical

accommodation to offer this employee." Ex. 12.

On September 5, 2017, Mr. Corser issued a "Memorandum to Roylan

Damwyk" formally denying Plaintiff's accommodation request "to a location

outside of the Scheduling Office while performing [her] current duties as a GS-

1101-11, Real Time Scheduler." *Id.* Mr. Corser stated that there were no

equivalent GS-11 level positions to reassign her into. *Id.* Mr. Corser stated that

they would look for lower level positions to reassign her to. *Id.*

In a deposition, Mr. Corser stated under oath that he received Plaintiff's

June 28, 2016 accommodation request but never responded to it. Ex. 14, pp. 38-39. He said he referred the matter to Labor Relations and said it was their responsibility to respond to Plaintiff. *Id.* at *Id.* Mr. Corser said Labor Relations "was working it." *Id.* at 38. Mr. Corser recalled that he met with "Tom Chiavacci, Jason Turner and Nancy Lawrence," and discussed the June 28, 2016, request, but did not relay any response to Plaintiff. *Id.* He said the discussions were not memorialized in writing and Plaintiff was not provided anything in writing in response to her June 28th request ("No letter was produced that I'm aware of"). *Id.* at 42. Mr. Corser stated that he looked for a vacant office for Plaintiff to move to, but never discussed it with her and never found a vacant office. *Id.* at 37. He said he only corresponded with Plaintiff in writing because she was at home. ("only communications I had with her was email"). *Id.* at 42. He stated that he was aware of Plaintiff's EEO complaints. *Id.* at 24-29. Mr. Corser stated that the EEO Office is involved in reasonable accommodation decisions. *Id.* at 48.

On September 7, 2017, after Mr. Corser denied Plaintiff's accommodation request to be moved to a vacant office, Plaintiff told. Ms. Quichocho that Mr. Corser's claim she could not work in an alternative location was not true, as she had worked from an alternative work location from March through August 2015. Ex. 15. She stated, "Please let me know if this position could be a possible re-assignment for me or if there are any others positions you are already reviewing

9

for me. If there is no management re-assignment for me at this time, please let me know." *Id.* She attached a GS-11 Engineering Technician position description to her email. Ex. 16.

On September 17, 2017, Defendants stated that they would look into the Engineering Technician position. Ex. 17.

On September 17, 2017, Plaintiff informed Defendants' EEO Office Director that the undersigned attorney (Rosemary Dettling, Esq.) was her representative on her existing EEO cases (5Z1S15003 and 5Z1S16003). Ex. 18.

On October 3, 2017, after still not receiving a response to her follow-up request for a reassignment, Plaintiff emailed Defendants' EEO Director, Vanneca Phelps, and told her that she wanted to file an EEO complaint due to Defendants' failure to provide reasonable accommodation from June 2016 to November 2017. Ex. 19. Plaintiff specifically stated in the email that:

> I need to file an additional complaint for failure to accommodation a request for medical accommodation. I requested a medical accommodation in June 2016 and provided valid medical documentation and received no medical accommodation. I contacted the labor relations office again in March of 2017 requesting medical accommodation and have not received a resolution to my request.

*Id.*

On October 9, 2017, Plaintiff again emailed EEO Director Phelps and stated:

> Here are the supporting documents for my EEO complaint for the agencies [sic] Failure to Accommodation a request for a Medical Accommodation. I believe this information will show how I have been diligent and patient in trying to get some resolution to this request since June of 2016. I believe the information I have provide is accurate and if there are any discrepancies, they are not intentional.
>
> I believe my management could make some simple and easy adjustments to provide an alternate office where I could continue to do my job and still be protected from a hostile work environment. I believe my supervisor will not consider making any accommodations because I filed the EEO complaint for harassment and hostile work environment.

Ex. 20.

In a Memorandum for Record, dated October 17, 2017, Mr. Chiavacci acknowledged that Plaintiff requested reasonable accommodation in 2016 and stated that he met with Lt Col Jason Turner in 2016 to discuss her request. Ex. 21. He stated that:

> In terms of a medical accommodation, Lt Col Turner, 2d Range Operations Squadron Commander, Mr. Corser and I had previously inquired about this option in a meeting with the CPO earlier in 2016. A that time, CPO told us that there can be negative consequences for an employee in the medical accommodation process because if the government cannot satisfy a requested medical accommodation, the employee will be separated from service. On 19 Jul 16, Lt Col Turner asked the CPO for information on medical accommodations (Attachment 2) and was given similar information.

*Id.*

On November 7, 2017, Plaintiff's attorney emailed Defendants' EEO Office and stated:

> My client initiated an EEO complaint on October 3, 2017. See attached email. She sent the below email to the EEO office on October 10, following

up on her EEO complaint. Despite complying with the EEOC's regulations, 29 CFR 1614, it does not appear that [Defendants have] begun processing her informal complaint. Please let me know when she will receive counseling and her right to file letter.

Ex. 22.  Counsel attached Plaintiff's October 3, 2017 email identifying her issues. *Id.* A few hours later, on November 7, 2017, Plaintiff's counsel emailed the EEO Office again and stated:

The issue Roylan Damwyk seeks counseling on is:

Whether Plaintiff was discriminated against based on her disability (acute stress disorder, high blood pressure) when, from June 26, 2016 until November 6, 2017, [Defendants] failed to provide reasonable accommodation and failed to engage in the interactive process.

As relief, she seeks accommodation, back pay, benefits, compensatory damages, and attorney fees. Although [Defendants] finally accommodated her on November 6, 2017, the other relief has not been provided. She was on leave without pay during this time, while waiting for [Defendants] to accommodate her.

Ex. 23. Plaintiff's counsel reminded the EEO Office that all correspondence should go through her, not Plaintiff. *Id.* at 2. Plaintiff also reminded the EEO Office that the undersigned attorney was her legal representation. Ex. 24, pp. 1-2.

On November 22, 2017, Plaintiff filed a formal EEO complaint. Ex. 25. Plaintiff alleged that:

From June 28, 2016 to November 3, 2017, the Agency failed to engage in the interactive process and failed to respond or process my request for medical accommodation.

…

12

> Over the past 17 months, my loss of income has deleted every bit of our savings and we've had to borrow money to get through this.
>
> …
>
> On June 28, 2016, I contacted my supervisor, Mr. Robert Corser and Mr. Thomas Chiavacci through e-mail and informed them that I was again being treated by my doctor for work related stress. In my e-mail, I asked for a medical accommodation. I asked for an alternate office location and sick leave as a form of accommodation. I met with the Chief of Labor Relations, Ms. Nancy Lawrence, on August 11, 2016 and requested support. [Defendants] never engaged in a discussion about accommodation and never addressed my request for medical accommodation.

*Id.* at 4. On November 22, 2017, the EEO Director made Plaintiff sign a new complaint form, outside the presence of her attorney. ECF NO. 49, Defendants' Ex. 5.

On December 28, 2017, Defendants' EEO Office issued an Acceptance Letter. Ex. 26.  Defendants accepted the following claims:

> Whether Plaintiff was discriminated against on the basis of failure to accommodate a medical disability when the following occurred:
>
> a. 3 Oct 17, Ms. Damwyk received an email from Ms. Jolene Cantrell, Chief, Civilian Personnel Flight, asking her to "refrain from calling the personnel office" regarding her medical accommodation request.
> b. 26 Sep 2017, Ms. Damwyk had obtained approval from her medical counselor to be released back to work and found 4 positions for which she was qualified. She presented them to Ms. Arlene Quichocho, EMR, HR Specialist, she received no response .
> c. 11Jul/2017 - Ms. Damwyk called Ms. Quichocho and asked about options for her current situation and informed Ms. Quichocho she was going to file a complaint with MSPB because Defendants did not respond to her request for medical accommodation. She was told, she (Ms. Quichocho) would look into it, she received no response.

*Id.*  Defendants did not give Plaintiff the opportunity to object to the accepted

claims and never explained why the claims Plaintiff raised in her October 3, 2017

email were never accepted or investigated by the EEO Office.[1]

On January 5, 2018, Plaintiff's counsel sent a letter to Defendants' EEO

Office objecting to the accepted issues. Ex. 27. Counsel stated:

> I am representing Roylan Damwyk in her EEO complaints.  We received
> an "acceptance" letter from your office, dated January 23, 2018, listing
> incorrect EEO issues.  As you recall, Ms. Damwyk sought EEO
> counseling and filed an EEO complaint alleging the following issue:
>
> Whether Plaintiff was discriminated against based on her disability (acute
> stress disorder, high blood pressure) when, from June 26, 2016 until
> November 6, 2017, Defendants failed to provide reasonable
> accommodation and failed to engage in the interactive process.
>
> She did not raise the issues listed in the acceptance letter.  The issues your
> office raised were background information.
>
> Please correct the accepted issues.  Thank you.

*Id.* Defendants did not respond.

On May 30, 2018, Defendants issued a Scheduling Letter for the EEO

investigation.  Ex. 28.  Defendants again mischaracterized Plaintiff's claims and

-----

[1] Plaintiff believes the EEO Office did not investigate her issues because the EEO Office was involved in the decision not to accommodate her. *See* Corser Deposition, Ex. 14, p. 48.

14

stated that the agency would only investigate the three issues raised in the

Acceptance Letter. Ex. 25, 28.

On June 4, 2018, Plaintiff submitted a declaration to the EEO investigation.

Ex. 29. She voiced her objection to the accepted issues and stated, "[Defendants

have] mischaracterized my issues into a-c above … I did not raise issues a-c with

the EEO counselor and did not raise them in my formal complaint. *Id.* In a sworn

declaration, Plaintiff listed all the attempts she and her attorney made to get

Defendants to investigate the failure to accommodate issue she raised with the EEO

Office on October 3, 2017. *Id.*

On June 5, 2018, Plaintiff's counsel emailed the EEO Office, Defendants'

legal representative Matthew Hughes, and the EEO investigator, imploring them to

investigate the issues brought to Defendants' attention on October 3, 2017. Ex. 30.

Plaintiff's counsel stated:

> We are not asking [Defendants] to amend her complaint. We are asking
> [Defendants] to investigate the allegations we raised in her EEO
> complaint and during the EEO counseling stage. We objected to the
> accepted issues in January and have done so numerous times in the last
> few weeks. Neither Ms. Phelps nor any other agency official has even
> acknowledged our letters and emails.
>
> …
>
> The issues Mr. Laribo wants to investigate were not raised by Ms.
> Damwyk, so I do not see how she can answer questions related to those
> issues. If Mr. Laribo has questions about [Defendants'] failure to
> accommodate her disability, she will of course answer those.

*Id.*

On July 20, 2018, Plaintiff filed a Motion for Sanctions against Defendants for not properly characterizing and investigating the EEO claims she sought counseling on on October 3, 2017. Ex. 31. On November 12, 2018, Plaintiff filed a Motion to Stay the administrative case until the issues were properly phrased. Ex. 32. On November 27, 2018, Plaintiff filed a response to Defendants' Motion for Summary Judgment, urging the EEOC to rephrase her issues to reflect the issues she sought counseling on in her October 3, 2017 email to the EEO office. Ex. 33. The Commission did not correct the accepted issues. Instead, the case was dismissed on summary judgment.

Plaintiff filed her Complaint in federal court.

## IV.   ARGUMENT

### A.   Defendants Argued that Plaintiff's Hostile Work Environment and Retaliation Claims Should be Dismissed Because They Were Not Presented in Her Administrative EEO Complaint and Therefore Were Not Administratively Exhausted.

"To establish federal subject matter jurisdiction, [a plaintiff is] required to exhaust [her] administrative remedies before seeking federal adjudication of [her] claims." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). To satisfy administrative exhaustion for claims under the Rehabilitation Act, a plaintiff must present those specific claims to the Equal Employment Opportunity Commission

("EEOC"). *See Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003). "The jurisdictional scope of the plaintiff's court action depends on the scope of the EEO[ ] charge and investigation." *Id.* at 1122. "[T]he inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002). "However, the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122. "[T], the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), as amended (Feb. 20, 2002).

To plead a claim for retaliation under the Rehabilitation Act, a plaintiff must plead "'(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.'" *Coons v. Dept. of Treasury*, 383 F.3d 879, 887 (2004)(quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). The causal element requires a plaintiff to establish that the unlawful retaliation would not have occurred "but-for" his engagement in protected activity. *Univ. of*

*Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Defendants argued that Plaintiff did not exhaust her administrative remedies because she did not check the "retaliation" box on her formal EEO complaint.[2] While that may be true, Plaintiff made Defendants aware that she felt the delay in responding to her accommodation request was retaliatory. On October 9, 2017, Plaintiff informed the EEO Office that:

> I believe my supervisor will not consider making any accommodations because I filed the EEO complaint for harassment and hostile work environment.

Ex. 20.

The Court should liberally read Plaintiff's EEOC complaint and conclude that the Complaint is sufficient to exhaust her retaliation claim. Plaintiff's retaliation claim is 'like or reasonably related to' the failure to accommodate allegations. Both allegations stem from her June 28, 2016, email requesting accommodating and Defendants' subsequent refusal to respond to it. The retaliation claim is consistent with Plaintiff's original theory of the case: that

───────────────────

[2] Defendants attached Exhibit 5 to its Motion to Dismiss, which was the formal complaint the EEO Director made Plaintiff sign outside of the presence of her attorney. The one Plaintiff filed is Plaintiff's Exhibit 5. Deciding which formal complaint was valid is immaterial because neither complaint checked off "retaliation" as a basis of discrimination and both complaints included the supplemental attachment. Describing the discrimination.

Defendants intentionally ignored her accommodation request, for a long period of time, after she engaged in protected EEO activity.[3]

The Court should also conclude that Plaintiff exhausted her administrative remedies with respect to her hostile work environment claim. A claim for harassment based on disability, like one under Title VII, would require a showing that: (1) Plaintiff is a qualified individual with a disability under the Rehabilitation Act (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) that defendant knew or should have known of the harassment and failed to take prompt effective remedial action. *See McConathy v. Dr. Pepper/Seven Up Corp.,* 131 F.3d 558, 563 (5th Cir.1998). The required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the

---

[3] Plaintiff engaged in protected activity when she filed two EEO complaints, requested a hearing, adjudicated her cases with the EEOC, contacted the EEO Office, filed an appeal with the OFO, and requested reasonable accommodation from June 28, 2016 through November 2017. Ex. 1, 2. Mr. Corser admitted he was aware of Plaintiff's protected activity. Ex. 14. He said he did not respond to Plaintiff's June 28, 2016 accommodation request until September 5, 2017. *Id.* Because of the delay in accommodating Plaintiff, she was on unpaid leave from June 28, 2016 until November 6, 2017. Ex. 23. The delay occurred in the immediate aftermath of her June 2016 accommodation request.

conduct. *Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1463, n. 4 (9th Cir.1994).

In her formal EEO complaint, filed on November 22, 2017, Plaintiff specifically alleged a pattern of discriminatory behavior that went on for 15 months. Ex. 25, p. 5. She addressed the continuing violation aspect when stated, "From June 28, 2016 to November 3, 2017, Defendants failed to engage in the interactive process and failed to respond or process my request for medical accommodation." *Id*. She stated, "Every day that I was forced out of work constituted a new claim of disability discrimination." *Id.*

Here, Plaintiff demonstrated that her work environment was sufficiently severe and pervasive to amount to harassment. These claims derive from the same facts and type of conduct that gave rise to her "failure to accommodate" claim.

## B. Defendants Argued that Plaintiff's Failure to Accommodate Claim Should be Dismissed As it is Time-Barred.

Defendants argued that Plaintiff' failure to accommodate claim is time-barred because she failed to consult with an EEO Counselor within 45 days of her June 28, 2016 email. 29 C.F.R. § 1614.105(a)(1). Defendants argued that Plaintiff's "alleged failure to accommodate" claim that "occurred in June 2016" was untimely because she did not initiate "EEO counseling by approximately mid-August 2016." Defendants' Motion to Dismiss, p. 10.

Implicit in Defendants' argument is that Plaintiff *did* request reasonable

accommodation on June 28, 2016 and did engage in protected activity on that date. Defendants' computation of time does not support its timeliness argument. Plaintiff was not required to initiate EEO counseling by mid-August 2016 because she was not subjected to an adverse action in June 2016. She requested accommodation in June 2016. Her June 2016 accommodation request did not trigger the 45-day deadline to contact an EEO Counselor. Rather, the 45-day deadline to contact the EEO Office was not triggered until September 5, 2022, when Mr. Corser denied her June 28, 2016 request to work in a different office location.

Plaintiff timely contacted the EEO Office on October 3, 2017, within 45-days of the September 5, 2017 denial of her June 28, 2016 accommodation request. Although Defendants' EEO Office did not investigate the issues that were raised in Plaintiff's initial EEO contact on October 3, 2017, that does not negate the fact that Plaintiff properly complied with 29 C.F.R. § 1614.105(a)(1). Plaintiff exhausted her administrative remedies with respect to her claim that Defendants discriminated against her when they delayed responding to her June 2016 accommodation request. Plaintiff had no duty to amend her EEO complaint in 2018 because the brought the correct issues to the EEO Office's attention in October 2017. An amendment in 2018 would have been deemed untimely.

**C.    Defendants Argued that Plaintiff's Complaint Fails to Adequately Allege a Claim for Disability Discrimination.**

The Rehabilitation Act requires a federal employer to reasonably accommodate "the known physical or mental limitations of an otherwise qualified individual with a disability." *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting 42 U.S.C. § 12112(b)(5)(A). "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001) (citing *Barnett v. U.S. Air*, *Inc*., 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), vacated on other grounds). "The interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Zivkovic*, 302 F.3d at 1089. " 'Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown' in the interactive process." *Id.* (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996)).

District courts in the Ninth Circuit have recognized that there is no "stand-alone claim for failure to engage in the interactive process." *Yonemoto v. McDonald*, 114 F.Supp.3d 1067, 1114 (D. Haw. 2015) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1115 (9th Cir. 2000)). Instead, the claims for failure to

provide a reasonable accommodation and failure to engage in the interactive

process are intertwined: a failure to engage in the interactive process is cognizable

only if "a reasonable accommodation would have been possible." *See Yonemoto*,

114 F.Supp.3d at 1114-15 (citation omitted); *see also id.* at n.21 (collecting cases

from other Courts of Appeal so holding). Thus, a failure to engage claim presumes

an accommodation would have been available but was not provided, in part

because the employer did not engage in the interactive process. *See, e.g., Minnihan

v. Mediacom Commc'ns Corp.*, 779 F.3d 803, 813 (8th Cir. 2015).

Plaintiff contends that there is a genuine issue for trial on this claim because

facts are not in dispute: Plaintiff requested reasonable accommodation in June

2016; Mr. Corser ignored her request for 15 months then denied her request on

September 5, 2017;[4] Plaintiff suffered harm as a result of the delay; Defendants

were aware of Plaintiff's disability, accommodation needs, and prior EEO activity.

The question is whether a jury could conclude that Defendants did not act

reasonably in delaying responding to Plaintiff's accommodation request for 15

months, then promptly denying the request after they made her file it again in

---

[4] Mr. Corser's explanations suggest pretext. Ex. 14. He stated in his deposition that he did not respond to Plaintiff's June 2016 accommodation request because it was Labor Relations' responsibility; but he was the one who formally denied Plaintiff accommodation request on September 5, 2017. Ex. 14, pp. 38-39; Ex. 13.

August 2017. Although an employer is not expected to provide the accommodation that is requested," it does have an obligation to respond to an accommodation request. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 546 (7th Cir. 2008); *Jay v. Intermet Wagner, Inc.*, 233 F.3d 1014, 1017 (7th Cir. 2000). Defendants' argument that it provided accommodation eventually ignores the fact that an "unreasonable delay in providing an accommodation can provide evidence of discrimination" where the employer does not act "reasonably and in good faith." *Jay*, 233 F.3d at 1017.[5]

The evidence in this case permits an inference that Defendants completely ignored Plaintiff's accommodation request for approximately 15 months. Defendants provided no evidence that it took any steps to address Plaintiff's request while she was on leave for a condition Defendant knew was related to stress on the job. Nor did Defendants identify circumstances that precluded it from timely addressing the request or maintain that granting Plaintiff's request for a

---

[5]In *Jay*, *supra*, where the employee requested a reassignment to a different position, the court determined that a 20-month delay did not render the accommodation unreasonable because there was evidence that the defendant "considered [the plaintiff] for reassignment … on a weekly basis" and offered him a new position "as soon as [it] became available." *Jay*, 233 F.3d at 1017. Unlike the employee in *Jay*, Plaintiff did not ask for a reassignment to another office. As Mr. Corser conceded, she merely requested to be moved to a "vacant" office. Ex. 14, p. 37; Ex. 2 ("I am asking for a medical accommodation to an alternate office location and sick leave until a resolution can be accomplished"); Ex. 20 ("… to provide an alternate office where I could continue to do my job …"). Defendants provided no evidence showing that they looked for a vacant office.

change in office location would not have meaningfully improved her working conditions. There is no evidence that Defendants even initiated the interactive process with Plaintiff. Mr. Corser admitted that he did not discuss accommodation with Plaintiff. Ex. 14, pp. 38-39, 42. Moreover, he admitted that all communication with Plaintiff was done by email. *Id.* He admitted that management discussed her request, but stated nothing was memorialized in writing. *Id.*

Even if management discussed the accommodation request amongst themselves, in 2016, that was insufficient. An employer does not meet its Rehabilitation Act obligations by discussing accommodation and "agreeing to accommodate an employee in theory and then failing to do so in practice." *Welch v. Skorton*, 299 F. Supp. 3d 102, 110 (D.D.C. 2018). Defendants provided no evidence showing that it could not have placed Plaintiff in an alternative work location in June 2016 on the Vandenberg Air Force Base. Defendants did not argue that providing a new office location to Plaintiff in would be an undue hardship.[6]

## V.    CONCLUSION.

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, for judgment on the pleadings should be denied.

---

[6] Providing sick leave to Plaintiff was not an accommodation, as Plaintiff asked to use sick leave only until a decision on her accommodation request was provided.

25

Dated: June 5, 2023

Respectfully submitted,

*/s/ Rosemary Dettling*
Rosemary Dettling
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile: (202) 379-9772
Email: rdettling@felsc.com
*Attorney for Plaintiff*

## Certificate of Compliance under L.R. 11-6.2

The undersigned, counsel of record for Plaintiff certifies that this brief does not exceed 7,000 words, which complies with the Local Rule 11-6.1.

Dated: June 5, 2023

/s/ *Rosemary Dettling*

26