Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROYLAN G. DAMWYK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. AIR FORCE ET AL.,<br><br>Defendants | Case No.: 2:22-cv-04424-GW-SK<br><br><br>**NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) OUT OF TIME, AND REQUEST TO ATTEND HEARING BY ZOOM(Proposed] Order and Declaration of Rosemary Dettling)**<br><br>**Hearing Date: June 22, 2023**<br>**Hearing Time: 8:30 a.m.**<br>**Ctrm: 9D**<br><br>**Honorable George H. Wu**<br>**United States District Judge** |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**HEREIN, PLEASE TAKE NOTICE** that on June 22, 2023 at 8:30 a.m. or as soon thereafter as the matter may be heard in the above-referenced Court, Plaintiff Roylan Damwyk ("Plaintiff" or Ms. Damwyk") by and through her counsel of record herein, will move the Court for an Order permitting Plaintiff to file her Opposition to Defendants' Motion to Dismiss pursuant to *Fed. R. Civ. P. 12(b)(1)* and *12(b)(6)* out of time. This motion is based on this Notice of Motion and Motion, the Declaration of Rosemary Dettling in support, filed concurrently herewith, the Proposed Order, the papers on file with the Court and the argument of counsel.

The grounds for this motion are that as a result of excusable neglect, Plaintiff did not calendar the opposition as required by Local Rule 7-9, that Defendants will suffer no prejudice, and this matter should be resolved on the merits. The relief requested by this motion are to permit Plaintiff to File an Opposition to Defendants' Motion to Dismiss Pursuant to *Fed. R. Civ. P. 12(b)(6)* within 24 hours of the Court granting leave, as set forth in the Proposed Order filed concurrently herewith. Plaintiff's counsel requests to attend the hearing by Zoom because she is located in Washington, DC and has a scheduling conflict with the hearing date.

Date: June 6, 2023

Respectfully Submitted,

Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

Although Plaintiff's Opposition to Defendants' Motion to Dismiss was timely filed under Federal Rule of Civil Procedure 6, it was not timely filed under Local Rule (L.R.) 7-9. The motion was filed ten days after Defendants' Motion to Dismiss, but four days after the deadline mandated in L.R. 7-9.

## I.    INTRODUCTION.

If the Court deems Plaintiff's opposition motion as untimely, Plaintiff requests leave of Court to file her Opposition to Defendant's Motion to Dismiss Under *Fed. R. Civ. P. 12(b)(1)* and *12(b)(6)* out of time, based upon excusable neglect. In addition, if the June 22, 2023 hearing date stays in place, Plaintiff requests permission to attend the hearing by Zoom. Plaintiff's counsel is based in Washington, DC and has a flight from Washington to Cleveland on Friday, June 23, 2023. Declaration of Rosemary Dettling ("Dettling Dec.") ¶ 4.

For the reasons set forth below, the Court should permit the Opposition to be filed out of time.

## II.    STATEMENT OF FACTS

On May 24, 2022, Defendants filed their Motion to Dismiss. ECF 49. Plaintiff filed her opposition motion on June 5, 2023. ECF 52. Plaintiff's counsel erred in calendaring the due date for the opposition to Defendants' motion for June 5, 2023. Dettling Dec. ¶ 5-8. The June 5, 2023, deadline made her opposition

timely under *Fed. R. of Civ. Proc. 6*, but not timely under L.R. 7-9. *Id.* Local Rule. 7-9 requires that opposition motions be filed 21 days prior to the date designated for hearing the motion. A hearing is currently scheduled for June 22, 2023.

Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF 52) was filed 16 days before the hearing. Local Rule 7-9 required that it be filed on June 1, 2023, not June 5, 2023.

## III.    LAW AND ARGUMENT

### A.    The Standard for Leave to File Out of Time.

*Fed. R. Civ. P. 6(b)(2)* provides that the court may enlarge the specified time period for an act "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Since it is a rule of general application, courts are given broad discretion in granting or denying extensions. See, e.g., *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975).

The determination of excusable neglect "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Generally, the Court will consider several factors, including "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was

within the reasonable control of the movant, and whether the movant acted in good faith." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395). "Excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions cause by circumstances beyond control of the movant,'" *Pioneer*, 507 U.S. 380, 381-82, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993))). Inadvertent delay provides a sufficient basis for granting defendant's *Rule 6(b)(2)* motion. *Id.*

**1.   The Failure to Timely File the Opposition Under L.R. 7-9 Was Due to Excusable Neglect.**

As set forth in the Declaration of Rosemary Dettling in Support ("Dettling Dec."), Plaintiff missed the L.R. 7-9 deadline of June 1, 2023 due to a calendaring error caused, in part, by the Memorial day holiday, a scheduling conflict, the conversion of the Motion to Dismiss into a Motion for Summary Judgment, and the inability to discuss the motion with Plaintiff. Dettling Dec. ¶ ¶ 5-8.

In order to comply with L.R. 7-9, Plaintiff only had eight (8) days to respond to the Motion to Dismiss. *Id.* Three out of the 8 days were holidays (Saturday, Sunday, Memorial Day). *Id.* Plaintiff only had 5 working days to respond to the motion. *Id.* Because the 10-day period mandated under Fed. R. Civ. P. 6 fell on a Saturday, Plaintiff scheduled the due date as Monday, June 5, 2023. *Id.* at 6. Plaintiff's counsel was only recently admitted to the case *pro hac vice*. *Id.* at 10.

She has zealously strived to learn the Court's Local Rules, but was under the impression that Fed. R. Civ. Proc. 6 trumped L.R. 7-9 in terms of deadlines. *Id.*

Circumstances outside Plaintiff's control factored into the delay. Plaintiff was unable to consult with her counsel. *Id.* at 11. Shortly before Memorial Day, Plaintiff and her husband traveled from Lompoc, California to Colorado to attend the funeral of her brother. *Id.* The drive was necessary because her mother, who drove with her, is 94-years old and is unable to fly. *Id.* Plaintiff was not able to discuss the case in front of her mother. *Id.* The inability to communicate with counsel made it difficult for her attorney to complete the motion. *Id.*

Working constraints, while not an excuse, factored into the delay. During the May 24, 2023 to June 5, 2023, period, Plaintiff's counsel was also working on a Circuit Court reply brief in response to an appellee's final opposition brief and supplemental appendix (*Michelle Donahue v. DHS*, 21-5268, U.S. Court of Appeals for the District of Columbia). *Id.* at 12. The reply brief is due on June 13, 2023. *Id.*

The Ninth Circuit has recognized that while a calendaring mistake is a "weak justification for an attorney's delay," it likely constitutes excusable neglect. *Ahanchian,* 624 F.3d at 1262 (citing *Bateman*, 231 F.3d at 1225; *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)); cf. *Sanchez v. Stryker Corp.*, No. 2:10-cv-08832 ODW (JCGx), 2012 U.S. Dist. LEXIS 62465, 2012 WL 1570569, at *3

(C.D. Cal. May 2, 2012) (denying a motion for relief based on an "inadvertent calendaring error"). *See Darling v. Green*, 2012 U.S. Dist. LEXIS 176320 (C.D. Cal. Dec. 12, 2012).

In *Pincay*, the Ninth Circuit found a paralegal's calendaring error that led to a brief delay in filing not to be a reason that rendered neglect inexcusable; the court concluded that such an error was excusable. 389 F.3d at 855. Other district courts in California have similarly found excusable error in instances where confusion between the deadlines for different rules led to a delay in filing. *See Herbert v. State Farm Mut. Auto. Ins. Co.*, No. 06-5532, 2009 U.S. Dist. LEXIS 3414, 2009 WL 88352, at *3-4 (N.D. Cal. Jan. 13, 2009) (holding that a 19-day filing error caused by an associate's confusion of the 30-day rule to file appeals in federal court with the 60-day rule to file appeals in state court was not a failure to diligently prosecute, and was excusable neglect); *Sessoms v. Felker*, No. S-05-1221, 2008 U.S. Dist. LEXIS 105706, 2008 WL5386531, at *1 (E.D. Cal. Dec. 24, 2008) (magistrate judge holding that counsel's confusion of the 30-day rule to file appeals in federal court with the 60-day rule to file appeals in state court was excusable neglect).

There is no indication that Plaintiffs' failure to file a timely opposition was the result of bad faith. Plaintiffs' counsel has no history of missing deadlines or disobeying the district court's orders. Dettling Dec. ¶ 13; *See Ahanchian*, 624 F.3d

at 1262. Rather, the calendaring error was the result of misreading the Local Rules, to which she only recently studied. *Dettling Dec.* ¶¶ 6-7. Plaintiff's opposition motion required a significant amount of time due to Defendants' conversion of the Motion to Dismiss into a Motion for Summary Judgment. *Id.* Plaintiff's counsel was obligated to represent her client to the best of her ability and respond to each and every argument. *Id.* at 14-15.

## B.    Plaintiff's Opposition Should Be Permitted Based Upon The Strong Public Policy of Deciding Cases On The Merits.

In deciding whether to dismiss a claim for failure to comply with a court order, the court must determine if certain "relevant factors" weigh in favor of dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The five *Pataglunan* factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Id.*

Because public policy favors disposition of cases on the merits, the Ninth Circuit has held that this factor always weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998).

The lack of prejudice to Defendants weighs in favor of finding excusable neglect. Although it is almost certain that a Defendants would prefer to avoid

9

litigation on the merits by obtaining a quick dismissal, a defendant's loss of a "quick victory is not sufficiently prejudicial to deny [the plaintiff] relief." *Trueman,* 2011 U.S. Dist. LEXIS 147314, 2011 WL 6721327 at *3 (citing *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000)). Therefore, Defendants would not suffer any cognizable prejudice from permitting Plaintiff to re-file her opposition out of time.

The delay and its impact on proceedings are minimal, which supports a finding of excusable neglect. The time period at issue here is four days. Defendants are already in receipt of the opposition motion. Compare *Trueman*, 2011 U.S. Dist. LEXIS 147314, 2011 WL 6721327 at *6 (finding [*8] that a two month extension has a minimal impact on proceedings in which no defendant has been served) with *Halloum v. Ryan*, 2011 U.S. Dist. LEXIS 132929, 2011 WL 5572622 (D. Ariz. Sept. 21, 2011) (dismissing without prejudice where the time for filing expired nine months prior to the order to show cause and the case was nearing completion). When an action that is "in its infancy," such that no defendants have been served and no scheduling orders have been entered, is generally not adversely impacted by such a delay in litigation. *Trueman*, 2011 U.S. Dist. LEXIS 147314, [WL] at *6— 7. Here, while Defendants have been served and the case is set for a hearing on the motion, Defendants suffer no prejudice.

There is no evidence that Plaintiff has acted in bad faith in this matter. Indeed, Plaintiff has conferred with opposing counsel on motions in good faith. Delays resulting from "deviousness or willfulness" on the part of the plaintiff may be bad faith, but delays caused by pure negligence typically are not. *Bateman*, 231 F.3d at 1225. While the time calculation of Plaintiff's counsel was not compliant with L.R. 7-9, there is no evidence that Plaintiff intentionally miscalculated the date for some unlawful purpose or unfair advantage.

**C.      Plaintiff's Opposition to The Motion To Dismiss Is Well Founded.**

Dismissal under *Rule 12(b)(1)* and *12(b)(6)* is inappropriate unless Plaintiff's complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff provided ample evidence to overcome the Motion to Dismiss. She adequately pled each claim brought before the Court under the Rehabilitation Act. She also adequately pled her demand for relief.

## IV.   CONCLUSION

Based on the foregoing, if the June 5, 2023, motion is deemed untimely, Plaintiff requests leave to file her Opposition to Defendants' Motion to Dismiss out of time based upon excusable neglect, the lack of any prejudice to Defendants, and the strong public policy of deciding claims on their merits. Plaintiff further requests that the Court allow her to attend the June 22, 2023 hearing by Zoom.

Dated June 6, 2023

Respectfully Submitted,

*/s/Rosemary Dettling*
Rosemary Dettling, Esq.
*Pro Hac Vice*
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 390-4741
Facsimile:. (202) 379-9772
Email: rdettling@felsc.com

# **CERTIFICATE OF SERVICE**

I certify that on June 6, 2023, the attached Motion for Leave and Request to Attend the Hearing by Zoom was served on the Court and the following Defendants' representatives via the Court's e-file system:

        E. MARTIN ESTRADA
        United States Attorney
        DAVID M. HARRIS
        Assistant United States Attorney
        Chief, Civil Division
        JOANNE S. OSINOFF
        Assistant United States Attorney
        Chief, Complex and Defensive Litigation
        Section
        JONATHAN RUSSELL BLAKEY
        Assistant United States Attorney
        Attorneys for Defendants