E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8341
    Facsimile: (213) 894-7819
    E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROYLAN G. DAMWYK,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. AIR FORCE, ET AL,<br><br>    Defendants. | No. 2:22-cv-04424-GW-SK<br><br>Hearing Date:  June 22, 2023[1]<br>Hearing Time:  8:30 a.m.<br>Courtroom:      9D<br><br>Honorable George H. Wu<br>United States District Judge |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

[1] On June 6, 2023, Defendants filed an ex parte application to continue the deadline to file a reply to Plaintiff's Opposition, and if necessary, the hearing date. Dkt. No. 54. The ex parte application is currently pending before the Court and the Motion to Dismiss hearing date may change depending on the Court's decision.

# DEFENDANTS' REPLY BRIEF

## I. INTRODUCTION

Plaintiff Roylan G. Damwyk ("Plaintiff") asserted the following claims in her Complaint: (1) disability discrimination; (2) hostile work environment; (3) failure to accommodate; and (4) retaliation. *See* Dkt. No. 1. Defendants argued in their Motion to Dismiss ("Motion") that Plaintiff's Complaint must be dismissed because the Court lacks jurisdiction over her first three claims and because Plaintiff has failed to state a claim for Plaintiff's fourth claim.

Plaintiff's late-filed Opposition to Defendant's Motion ("Opp.") fails to adequately defend the Complaint's sufficiency. Dkt. No. 52. Plaintiff initially attempts to mask the fatal flaws of her Complaint by including in her Opposition a significant amount of information and documents previously absent from the Complaint. However, this additional information does not cure the Complaint's deficiencies. Regarding Plaintiff's unexhausted hostile work environment and retaliation claims, Plaintiff unsuccessfully attempts to characterize these claims as reasonably related to the factually distinct and separate claims that were exhausted. Plaintiff also requests that the Court liberally construe Plaintiff's EEOC complaint, but this type of liberal approach to construing EEO complaints is not appropriate where Plaintiff was represented during the entirety of her EEO administrative process by counsel that specializes in the EEO claims for federal employees. Plaintiff's assertion that her third claim for failure to accommodate was timely is betrayed by the statement that Defendants' alleged failure to accommodate her was a discriminatory act that occurred "every day that [Plaintiff] was forced out of work" beginning in June 2016. *See* Dkt. No. 1 ("Compl."), ¶ 14; Dkt. No. 52. ("Opp."), 20:10-12. Accordingly, Plaintiff's claim that her subsequent EEO contact regarding the failure to accommodate was timely, which came approximately 14 months after her initial accommodation request, is not persuasive. Finally, Plaintiff's disability discrimination claim remains legally insufficient as Plaintiff's Opposition fails to substantively address the Complaint's deficiencies and instead discusses Plaintiff's theory behind her failure to

accommodate claim. For these reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed.

## II.     ARGUMENT

### A.     The Additional Facts Alleged in Plaintiff's Opposition Do Not Cure the Complaint's Deficiencies

It cannot be denied that the facts alleged in Plaintiff's Opposition in support of Plaintiff's claims are in great contrast to those alleged in the Complaint. While the Complaint's factual allegations were limited to 11 paragraphs that spanned just over one page, Plaintiff's Opposition included 13 pages of factual allegations that were either not previously alleged in the Complaint or not alleged with the same level of specificity. *Compare* Compl., ¶¶ 9-19 *with* Opp., 3:19-16-15.

Despite the fact that the additional allegations contained in the Opposition provide more information concerning Plaintiff's claims, it is well established that courts cannot consider new facts alleged in a plaintiff's opposition to a motion to dismiss when measuring the legal sufficiency of a complaint's allegations. See *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("Ordinarily, the face of the plaintiff's complaint . . . and the exhibits attached thereto . . . control the Rule 12(b)(6) inquiry."); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996) (holding that the review of the district court's dismissal order "is limited to the contents of [plaintiff's] complaint"); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (holding that a court's review of a motion to dismiss pursuant to Rule 12(b)(6) is limited to the complaint and attached exhibits). Therefore, the Court's evaluation of the legal sufficiency of the Complaint and its causes of actions should be limited to just that: the Complaint and its claims.

Nor should the additional documents contained within Plaintiff's Opposition be considered by the Court. Although "[j]udicial notice is appropriate for records and 'reports of administrative bodies'" on a Rule 12 motion, the documents referenced in Plaintiff's Opposition are not appropriate for judicial notice. *U.S. v. 14.02 Acres of Land More or*

*Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Fusion IV Pharm., Inc. v. Becerra*, 2018 WL 6137606, at *4 (C.D. Cal. July 16, 2018) (granting defendants' request for judicial notice of documents from an administrative proceeding). "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1021 (C.D. Cal. 2015) (citing *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012)). Here, Plaintiff's Opposition fails to indicate how the attached exhibits were incorporated by reference in the Complaint, nor does it include a declaration attesting to the fact that the exhibits are a part of the administrative record, let alone authentic. Accordingly, Plaintiff has failed to demonstrate to the Court that the Opposition's exhibits are appropriate for judicial notice.

### B. Plaintiff's Hostile Work Environment and Retaliation Claims Remain Unexhausted

Plaintiff's hostile work environment and retaliation claims remain unexhausted as the arguments made in the Opposition are not only unavailing, but in fact support Defendants' contention. The parties agree that "[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); Opp. 17:1-4. While it is true that "the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations," Plaintiff's hostile work environment and retaliation claims are not such claims. *Id.*

The allegations accepted for investigation in response to Plaintiff's October 5, 2017 contact with her EEO Counselor referenced only two individuals: Ms. Joelen Cantrell and Ms. Arlene Quichocho. Motion, 8:25-9:8. Neither of the two referenced individuals worked in the same work center as Plaintiff, neither had the ability to take any employment action again Plaintiff, and both were outside Plaintiff's supervisory chain. *Id.*, 8:25-9:8.

Accordingly, it cannot be claimed that Plaintiff's unexhausted hostile work environment and retaliation claims would have been reasonably expected to grow from Plaintiff's disability discrimination allegation. Furthermore, because Plaintiff's Opposition failed to address this argument and failed to explain how these claims would naturally stem from the allegations accepted, Defendants' position should be considered a conceded point. *See, e.g., Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Lunn v. City of Los Angeles*, -- F.Supp.3d --, 2022 WL 4357436, at *4 (C.D. Cal. Sept. 20, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.") (citation omitted).

Plaintiff attempts to avoid this issue by stating that "[t]he Court should liberally read Plaintiff's EEOC complaint and conclude that the Complaint is sufficient to exhaust her retaliation claim," but Plaintiff's request should be denied. Though courts often construe EEOC charges "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading," Plaintiff's Complaint should not receive the same privilege. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citation omitted). Although these "technicalities are particularly inappropriate in a statutory scheme [such as Title VII] in which laymen, unassisted by trained lawyers, initiate the process," Plaintiff does not fall into this category of individuals. *Id.* Plaintiff concedes that during her entire EEO process, she was represented by Plaintiff's current counsel. *See* Opp., 10:8-16:16. Moreover, Plaintiff's counsel's website states that she is the founder of the "Federal Employee Legal Services Center" law firm, which "specialize[s] in equal employment opportunity (EEOC) cases."[2] Accordingly, Plaintiff's request that the Court liberally construe Plaintiff's EEO complaint and the instant Complaint in the face of Defendants' exhaustion argument is nonsensical given that Plaintiff's counsel's claims

---

[2] *See* http://www.felsc.com/

significant expertise in precisely these types of cases.[3]

Even assuming *arguendo* that Plaintiff had exhausted her hostile work environment and retaliation claims, Plaintiff's Opposition again fails to address Defendants' argument that these claims would have still been time-barred. *See* 29 C.F.R. § 1614.105(a)(1). Not only did Plaintiff fail to bring these issues to her EEO Counselor within 45-days, as required by 29 C.F.R. § 1614.105(a)(1), but the few acts alleged in Plaintiff's Complaint describe discrete acts, which cannot serve as the basis for a hostile work environment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111, 114 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Therefore, Plaintiff's hostile work environment and retaliation claims remain unexhausted and should therefore be dismissed.

### C. Plaintiff's Failure to Accommodate Claim Remains Time-Barred

As set forth in Defendants' Motion, because the Complaint asserts that Plaintiff's accommodations requests were ignored "from June 2016 onward," the discrete act of failing to accommodate Plaintiff's requests occurred in June 2016 and would have therefore required that she seek EEO counseling within 45 days (presumably sometime in mid-August 2016). *See* Motion, 9:9-10:11; Compl., ¶ 14. Plaintiff rejects this argument, claiming that Defendants' discrete act establishing their failure to accommodate claim occurred on "September 5, 2017, when Mr. Corser denied [Plaintiff's] June 28, 2016 request to work in a different office location." Opp., 21:8-11. This conclusion is incorrect.

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Morgan*, 536 U.S. at 111, 110. Plaintiff's Opposition concedes that Defendants' alleged failure to accommodate her was a continuing violation that occurred

---

[3] It should be noted that in Plaintiff's Opposition at footnote 2 on page 18, Plaintiff claims that the EEO Complaint referenced in Defendants' Motion is "the formal complaint the EEO Director made Plaintiff sign outside of the presence of her attorney. The one Plaintiff filed is Plaintiff's Exhibit [2]5." Exhibit 25 is dated November 8, 2017, two weeks prior to Defendants version of the EEO Complaint, and was not signed by Plaintiff,

throughout the "June 28, 2016 to November 3, 2017" period and that "[e]very day that [Plaintiff] was forced out of work constituted a new claim of disability discrimination." Opp., 20:6-12. Accordingly, Plaintiff's description of the alleged failure to accommodate shows that the failure to accommodate discrete act occurred back in June 2016 when Plaintiff continued to work without her requested accommodations, not fourteen months later when Plaintiff received word that her accommodation had been formally denied. *Holland v. Dept. of Health and Human Services*, 51 F.Supp.3d 1357, 1375 (N. D. Ga. 2014) (finding that the 45-day time limit for initiating contact with an EEO counselor began to run for federal employee asserting failure to accommodate claim when the employee returned to work after disability leave and requested accommodations). Therefore, Plaintiff's failure to accommodate claim is time-barred.

### D. Plaintiff Failed to State a Claim for Disability Discrimination

Finally, as set forth in Defendants' Motion, Plaintiff's Complaint failed to state a claim for disability discrimination pursuant to Fed. R. Civ. P. 12(b)(6). Motion, 10:25-12:13. Plaintiff's Opposition fails to address this argument. *See* Opp., 21:26-25:19

Instead, the relevant Opposition section, titled "C. Defendants Argued that Plaintiff's Complaint Fails to Adequately Allege a Claim for Disability Discrimination," discusses issues not pertinent to Defendants' position. Initially, Plaintiff discusses the intertwined nature of failure to accommodate and failure to engage in the interactive process claims in the Ninth Circuit, which is not relevant to the legal sufficiency of Plaintiff's disability discrimination claim. *Id.*, 21:26-23:11. The Opposition then attempts to refute "Defendants' argument that it provided accommodation" to Plaintiff, an argument Defendants did not make in their Motion, nor is this issue currently relevant in evaluating the sufficiency of Plaintiff's Complaint under a 12(b)(6) motion. *Id.*, 23:12-25:19. Accordingly, the Opposition provides no substantive response to Defendants' argument and therefore, Plaintiff's disability discrimination claim should be dismissed.

/ / /

/ / /

## III. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

Dated: June 13, 2023

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


   /s/ Jonathan Russell Blakey
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendants